# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:16CR337 |
| v. | |
| MARTIN HANSON, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Martin Hanson's ("Hanson") Motions for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Filing Nos. 47 and 56). Hanson asks the Court to reduce his sentence to time served, arguing his health conditions and the COVID-19 pandemic constitute "extraordinary and compelling reasons" to release him.

The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018), codified at 18 U.S.C. § 3582(c)(1)(A) ("First Step Act"), allows Hanson to move for a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." Hanson submitted such a request to the warden of his facility on February 1, 2021, but he did not receive a response. The government does not dispute Hanson has met the procedural requirements of § 3582(c)(1)(A). Because more than thirty days have passed since his request to the warden, the Court now considers whether Hanson has demonstrated "extraordinary and compelling reasons" to release him under these circumstances.

In deciding whether to reduce a sentence pursuant to § 3582(c)(1)(A), the Court considers the relevant factors set out in 18 U.S.C. § 3553(a), including the nature and circumstances of the offenses of conviction; the defendant's history and characteristics;

and the need for the sentence to reflect the seriousness of the crime, to promote respect for the law, and to provide just punishment for the offense. A defendant's sentence should also deter criminal conduct, protect the public from future crime by the defendant, and promote rehabilitation. *Id*.

The Court also considers whether the defendant presents "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," U.S.S.G. § 1B1.13(2), and must ensure the relief sought is "consistent with applicable policy statements issued by the [United States] Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). The first application note to policy statement § 1B1.13[1] lists four general categories of qualifying circumstances: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director. U.S.S.G. § 1B1.13 cmt. n.1. The defendant's rehabilitation may be relevant but "is not, by itself, an extraordinary and compelling reason for purposes of [§ 1B1.13]." Id. § 1B1.13 cmt. n.3.

Hanson asserts, and his medical records substantiate, that his health conditions—including obesity, diabetes, and hypertension—may place him at a greater risk of serious illness from COVID-19. In November 2020, Hanson fell ill to COVID-19. Although he recovered from COVID-19, he reports he still suffers from residual side effects and requires the use of an inhaler with any mild exercise.

---

[1]This policy statement predates the First Step Act and does not govern the Court's review of Hanson's request for a sentence reduction. The Court nonetheless finds it helpful in deciding whether to reduce his sentence. *See United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020).

Although the government does not dispute Hanson presents health concerns that increase the risks posed by COVID-19, it argues this Court should not reduce Hanson's sentence. The government argues Hanson's recovery, his vaccination status, and the efforts of the BOP to control inmate exposure to COVID-19 sufficiently mitigate the risk of reinfection. Indeed, Hanson received both doses of the Moderna COVID-19 vaccine, and the BOP facility where Hanson resides has no positive inmate cases as of May 12, 2021.

The government also argues the danger Hanson poses to the public weighs heavily against his early release. Hanson pleaded guilty to possessing a computer containing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and he was sentenced to 66 months in prison and five years of supervised release. Due to the nature of his crime and the factors mitigating his risk against COVID-19, the Court denies Hanson's request for a sentence reduction at this time.

IT IS SO ORDERED.

Dated this 3rd day of June 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge