IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br> v.<br><br>MARTIN HANSON,<br><br>     Defendant. | 8:16CR337<br><br>**ORDER** |

  This matter is before the Court on defendant Martin Hanson's ("Hanson") Motion to Alter or Amend or Request to Reconsider and/or Notice of Appeal (Filing No. 61) this Court's Memorandum and Order filed on June 3, 2021 (Filing No. 60). In that order, the Court denied Hanson's Motions for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Filing Nos. 47 and 56). The Court denied his requests for a sentence reduction because he poses a danger to the public, *see* U.S.S.G. § 1B1.13(3), and did not present "extraordinary and compelling reasons" to warrant early release, *see* 18 U.S.C. § 3582(c)(1)(A)(i). Hanson does not offer any new information that would change the Court's reason for denying his motions for compassionate release.

  Hanson alternatively states he wishes to appeal. A criminal defendant must generally file their notice of appeal within fourteen days after the challenged judgment or order is entered. Fed. R. App. P. 4(b)(1)(A)(i). But if the Court finds excusable neglect or good cause, the Court "may—before or after the time has expired—extend the time to file a notice of appeal for" an additional thirty days. Fed. R. App. P. 4(b)(4).

  Hanson states he placed his motion and notice of appeal in the prison mailbox on July 7, 2021, which was past the 14-day period provided by Rule 4(b)(1)(A) but within the 30-day extension period under Rule 4(b)(4). Hanson has been under lockdown conditions due to the COVID-19 pandemic and notes he has been unable to fully care for himself due

to such conditions. This relatively short delay also poses no prejudice to the government. *See Flowers v. Roy*, 603 F. App'x 510, 512 (8th Cir. 2015) (noting that courts "consider[] four factors when determining whether excusable neglect or good cause for an extension exists: '(1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.'" (quoting *Treasurer, Trs. of Drury Indus., Inc. Health Care Plan & Trust v. Goding*, 692 F.3d 888, 893 (8th Cir. 2012))). Finding excusable neglect exists, the Court grants Hanson an extension and deems his notice of appeal timely pursuant to Rule 4(b)(4).

Defendant Martin Hanson's Motion to Alter or Amend or Request to Reconsider and/or Notice of Appeal (Filing No. 61) is granted as to his timely notice of appeal and denied in all other respects.

IT IS SO ORDERED.

Dated this 24th day of August 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge